**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **721 BOURBON, INC.** | **CIVIL ACTION NO: 2011-cv-00710** |
| **VERSUS** | **SECTION: "F"**<br>**HON. MARTIN L.C. FELDMAN** |
| **B.E.A., INC., BRADLEY S. BOHANNAN, STEPHEN J. SMITH, AND ARITA M.L. BOHANNAN** | **MAGISTRATE DIV."2"**<br>**HON. JOSEPH C. WILKINSON, JR.** |
| | **JURY DEMAND** |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, come Defendants, B.E.A., INC. ("BEA DEFENDANT"), BRADLEY S. BOHANNAN ("BOHANNAN DEFENDANT"),  AND STEPHEN J. SMITH ("SMITH DEFENDANT") (collectively referred to herein as "Defendants") who hereby respond to the allegations in the Complaint for Monetary and Injunctive Relief filed by 721 Bourbon, Inc. ("Plaintiff") as follows:

Pursuant to Federal Rule of Civil Procedure 8 (b), Defendants deny all averments in the complaint, except as specifically admitted below in the number paragraphs corresponding to the numbered allegations in the complaint.

## THE PARTIES

1.       Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

2.     Defendants admit that B.E.A., Inc. is a Louisiana corporation which owns and operates Turtle Bay located at 1119 Decatur Street, in the New Orleans French Quarter.  To the extent the allegations of paragraph 2 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 41 of the Complaint are denied.

3.     Defendants admit that Bradley S. Bohannan is an individual, domiciled in Kenner, Louisiana; a former employee and manager of Tropical Isle Bourbon, Tropical Isle® Original, Tropical Isle Original Papa Joe's, Tropical Isle® Bayou Club & Music Bar, Funky Pirate, and Orleans Grapevine; and a former director and shareholder of Tropical Isle's Original Papa Joe's, Inc.. To the extent the allegations of paragraph 3 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 3 of the Complaint are denied.

4.     Defendants admit that Stephen J. Smith is an individual, domiciled in Slidell, Louisiana; a former employee of Tropical Isle Original; and a former employee and assistant manager of Tropical Isle® Original Papa Joe's and Tropical Isle® Bayou Club & Music Bar. To the extent the allegations of paragraph 4 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.   All other allegations of paragraph 4 of the Complaint are denied.

5.     Defendants admit that Arita M.L. Bohannan is an individual, domiciled in Kenner, Louisiana and the wife of Bradley S. Bohannan. To the extent the allegations of paragraph 5 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 5 of the Complaint are denied.

## NATURE OF ACTION

6.     The allegations in paragraph 6 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint.

## JURIDICTION

7.     The allegations in paragraph 7 of the Complaint are admitted.

## VENUE

8.     The allegations in paragraph 8 of the Complaint are admitted.

## STATEMENT OF FACTS

9.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

10.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

11.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

12.     Defendants specifically deny that Plaintiff has served the Tropical Isle's *Hand Grenade*® cocktail in the *Yard Cup Design* since at least as early as January 10, 1992. With regards to the remaining allegation of paragraph 12 of the Complaint, Defendants are without sufficient information to form a reasonable belief as to the truth

or falsity of the remaining allegations in paragraph 12 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

13.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

14.     Defendants specifically deny that the reputation of the *Yard Cup Design* has grown continuously over the past 19 years. Defendants also specifically deny that the *Yard Cup Design* is inherently distinctive as packaging and has acquired distinctiveness, and secondary meaning, as a stand alone product design. With regards to the remaining allegation of paragraph 14 of the Complaint, Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the remaining allegations in paragraph 14 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

15.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

16.     The Defendants admit that the Director's of Tropical Isle's Original Papa Joe's, Inc., Earl Bernhardt, Pamela A. Fortner are also the directors of Plaintiff. With regards to the remaining allegations of paragraph 16 of the Complaint, Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

17.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

18.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

19.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, accordingly the allegations are denied, and Defendants demand strict proof of same.

20.     The allegations in paragraph 20 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 20 of the Complaint with regard to the knowledge or existence of confidential business information and trade secrets owned by Plaintiff.

21.     Defendants admit that B.E.A., Inc. is incorporated in Louisiana and owns and operates Turtle Bay located at 1119 Decatur Street, New Orleans, LA.  To the extent the allegations of paragraph 21 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 21 of the Complaint is denied.

22.     Defendants admit that Bradley S. Bohannan is a former employee and manager of Tropical Isle Bourbon, Tropical Isle® Original, Tropical Isle Original Papa Joe's, Tropical Isle® Bayou Club & Music Bar, Funky Pirate, and Orleans Grapevine; and a former director and shareholder of Tropical Isle's Original Papa Joe's, Inc..

Defendants further admit that Stephen J. Smith is a former employee of Tropical Isle Original; and a former employee and assistant manager of Tropical Isle® Original Papa Joe's and Tropical Isle® Bayou Club & Music Bar. To the extent the allegations of paragraph 22 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.    The remainder of the allegations in paragraph 22 of the Complaint is denied.

23.     The allegations in paragraph 23 of the Complaint are denied.

24.     The allegations in paragraph 24 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 24 of the complaint with regards to premeditation and intent.

25.     The allegations in paragraph 25 of the Complaint are denied.

26.     Defendants admit that on January 27, 2011, Bradley S. Bohannan and Stephen J. Smith formed and registered a limited liability company under the name: "Turtle Bay on Bourbon, L.L.C."  To the extent the allegations of paragraph 26 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof. The remainder of the allegations in paragraph 26 of the Complaint is denied.

27.     The allegations in paragraph 27 of the Complaint are denied.

28.     The allegations in paragraph 28 of the Complaint are denied.

29.     The allegations in paragraph 29 of the Complaint are denied.

30.     The allegations in paragraph 30 of the Complaint are denied.

31.     The allegations in paragraph 31 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 31 of the complaint with regards to intent.

32.    The allegations in paragraph 32 of the Complaint are denied.  Moreover, the Plaintiff's allegations in paragraph 32 of the Complaint that the *Yard Cup Design* is inherently distinctive as packaging and is non-functional are specifically denied.

33.    The allegations in paragraph 33 of the Complaint are denied.  Moreover, the Plaintiff's allegations in paragraph 33 of the Complaint that the *Yard Cup Design* is inherently distinctive as a trademark and has acquired distinctiveness and secondary meaning are specifically denied.

34.    The allegations in paragraph 34 of the Complaint are denied.

35.    The allegations in paragraph 35 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 35 of the Complaint with regards to willfulness.

36.    The allegations in paragraph 36 of the Complaint are denied.

37.    Defendants admit that Bradley S. Bohannan is a former employee and manager of Tropical Isle Bourbon, Tropical Isle® Original, Tropical Isle Original Papa Joe's, Tropical Isle® Bayou Club & Music Bar, Funky Pirate, and Orleans Grapevine; and a former director and shareholder of Tropical Isle's Original Papa Joe's, Inc.  To the extent the allegations of paragraph 37 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 37 of the Complaint are denied.

38.    Defendants admit that Bradley S. Bohannan executed a Confidentiality Information Agreement on December 28, 2006.  To the extent the allegations of paragraph 38 of the Complaint vary therefrom, they are denied and Plaintiff is left to

specific proofs thereof.   The remainder of the allegations in paragraph 38 of the Complaint is denied.

39.    Defendants admit that in 2004 Bradley S. Bohannan became the director of Tropical Isle's Original Papa Joe's, Inc., and acquired a one-third interest therein. To the extent the allegations of paragraph 39 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 39 of the Complaint is denied.

40.    Defendants admit that on February 18, 2010, Bradley S. Bohannan and the remaining Tropical Isle's Original Papa Joe's, Inc.'s shareholders entered into a *Stock Redemption Agreement* whereby Tropical Isle's Original Papa Joe's, Inc. purchased the shares held by Bradley S. Bohannan. To the extent the allegations of paragraph 40 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof. The remainder of the allegations in paragraph 40 of the Complaint is denied.

41.    Defendants admit that the *Stock Redemption Agreement* contains a non-disparagement and confidentiality clause. To the extent the allegations of paragraph 41 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 41 of the Complaint are denied.

42.    The allegations in paragraph 42 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 42 of the Complaint with regard to the knowledge or existence of confidential business information and trade secrets owned by Plaintiff.

43.     Defendants admit that Bradley S. Bohannan is part owner and officer of B.E.A., Inc. To the extent the allegations of paragraph 43 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 43 of the Complaint are denied.

44.     The allegations in paragraph 44 of the Complaint are denied.

45.     Defendants admit that Stephen J. Smith is a former employee of Tropical Isle Original; and a former employee and assistant manager of Tropical Isle® Original Papa Joe's and Tropical Isle® Bayou Club & Music Bar. To the extent the allegations of paragraph 45 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 45 of the Complaint are denied.

46.     Defendants admit that Stephen J. Smith executed a Confidential Information Agreement on January 13, 2007.  To the extent the allegations of paragraph 46 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 46 of the Complaint is denied.

47.     The allegations in paragraph 47 of the Complaint are denied.  Defendants specifically deny the allegations of paragraph 47 of the Complaint with regard to the knowledge or existence of confidential business information and trade secrets owned by Plaintiff.

48.     Defendants admit that Stephen J. Smith resigned from Tropical Isle Original Papa Joe's and Tropical Isle® Bayou Club & Music Bar in July of 2009 and Stephen J. Smith is part owner and officer of B.E.A., Inc.  To the extent the allegations of

paragraph 48 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 48 of the Complaint is denied.

49.     Defendants admit that Stephen J. Smith is not a party to the *Stock Redemption Agreement*. To the extent the allegations of paragraph 49 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 49 of the Complaint is denied.

50.     The allegations in paragraph 50 of the Complaint are denied.

51.     Defendants admit that Arita M. L. Bohannan is the wife of Bradley S. Bohannan. To the extent the allegations of paragraph 51 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  The remainder of the allegations in paragraph 51 of the Complaint is denied.

52.     The allegations in paragraph 52 of the Complaint are denied.

53.     The allegations in paragraph 53 of the Complaint are denied.

54.     The allegations in paragraph 54 of the Complaint are denied.

55.     The allegations in paragraph 55 of the Complaint are denied.

56.     Defendants admit that Arita M. L. Bohannan is a party to the *Stock Redemption Agreement* which contains a non-disparagement and confidentiality clause. To the extent the allegations of paragraph 56 of the Complaint vary therefrom, they are denied and Plaintiff is left to specific proofs thereof.  All other allegations of paragraph 56 of the Complaint are denied.

57.     The allegations in paragraph 57 of the Complaint are denied.

58.     The allegations in paragraph 58 of the Complaint are denied.

59.     The allegations in paragraph 59 of the Complaint are denied.

60.     The allegations in paragraph 60 of the Complaint are denied.

61.     The allegations in paragraph 61 of the Complaint are denied.

<u>COUNT I</u>
<u>FEDERAL TRADE DRESS INFRINGEMENT</u>

62.     Defendants incorporate and re-allege their response to paragraphs 1-61 of the Complaint as set forth above.

63.     The allegations in paragraph 63 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 64 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

65.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 65 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.  Moreover, the Plaintiff's allegation that its drinking cup, the *Yard Cup Design*, designed for the purpose of providing a user a vessel from with which to drink from, is "entirely non-functional" is denied.

66.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint, accordingly the allegation is denied, and demands strict proof of same.

67.     Defendants deny the allegations of paragraph 67 of the Complaint.

68.     Defendant deny the allegations of paragraph 68 of the Complaint.

69.     The allegations in paragraph 69 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations of paragraph 71 of the Complaint.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 74 of the Complaint.

75.     The allegations in paragraph 75 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 75 of the Complaint.  Defendants specifically deny the allegations of paragraph 75 of the complaint with regard to intent.

76.     The allegations in paragraph 76 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 76 of the Complaint.

### COUNT II
### FEDERAL INFRINGEMENT OF UNRESTERED TRADEMARK

77.     Defendants incorporate and re-allege their responses to paragraphs 1-76 of the Complaint as set forth above.

78.     The allegations in paragraph 78 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 79 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

80.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

81.     The allegations in paragraph 81 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 81 of the Complaint. Defendants specifically deny the allegations of paragraph 81 of the Complaint with regard to similarity and likelihood of confusion.

82.     Defendants deny the allegations of paragraph 82 of the complaint.

13

83.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations in paragraph 83 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

84.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 84 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

85.     The allegations in paragraph 85 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 85 of the Complaint.

86.     The allegations in paragraph 86 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 86 of the Complaint.

87.     The allegations in paragraph 87 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 87 of the Complaint. Defendants specifically deny the allegations of paragraph 87 of the complaint with regard to intent.

88.     The allegations in paragraph 88 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 88 of the Complaint.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

89.     Defendants incorporate and re-allege their responses to paragraphs 1-88 of the Complaint as set forth above.

90.     The allegations in paragraph 90 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 91 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

92.     The allegations in paragraph 92 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 93 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

94.     The allegations in paragraph 94 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 94 of the Complaint.

95.     The allegations in paragraph 95 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, BEA Defendants deny the allegations in paragraph 95 of the Complaint.  Defendants specifically deny the allegations of paragraph 95 of the complaint with regard to intent.

96.     The allegations in paragraph 96 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 96 of the Complaint.

97.     The allegations in paragraph 97 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 97 of the Complaint.

**COUNT IV**
**INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION UNDER THE LOUISIANA ANTIDILUTION STATUTE**

98.     Defendants incorporate and re-allege their responses to paragraphs 1-97 of the Complaint as set forth above.

99.     The allegations in paragraph 99 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 99 of the Complaint.

100.    The allegations in paragraph 100 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 100 of the Complaint.

**COUNT V**
**MISAPPROPRIATION OF TRADE SECRETS**

101.    Defendants incorporate and re-allege their responses to paragraphs 1-100 of the Complaint as set forth above.

102.    The allegations in paragraph 102 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 102 of the Complaint.

103.    The allegations in paragraph 103 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 103 of the Complaint.

16

104.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 104 of the Complaint, accordingly the allegations are denied, and demands strict proof of same.

105.     Defendants are without sufficient information to form a reasonable belief as to the truth or falsity of the allegations of paragraph 105 of the Complaint, accordingly the allegation is denied, and demands strict proof of same.

106.     The allegations in paragraph 106 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 106 of the Complaint.

107.     The allegations in paragraph 107 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 107 of the Complaint.  Defendants specifically deny the allegations of paragraph 107 of the complaint with regard to the knowledge or existence of trade secrets owned by Plaintiff.

108.     The allegations in paragraph 108 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 108 of the Complaint.

109.     The allegations in paragraph 109 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 109 of the Complaint.

110.    The allegations in paragraph 110 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 110 of the Complaint.

## COUNT VI
## UNFAIR TRADE PRACTICES

111.    Defendants incorporate and re-allege their responses to paragraphs 1-110 of the Complaint as set forth above.

112.    The allegations in paragraph 112 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 112 of the Complaint.

113.    The allegations in paragraph 113 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 113 of the Complaint.

114.    The allegations in paragraph 114 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 114 of the Complaint.

115.    The allegations in paragraph 115 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 115 of the Complaint.

## COUNT VII
## BREACH OF OBLIGATION

116.    Smith Defendant and Bohannan Defendant incorporate and re-allege its responses to paragraphs 1-115 of the Complaint as set forth above.

117.    The allegations in paragraph 117 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Smith Defendant and Bohannan Defendant deny the allegations in paragraph 115 of the Complaint.

118.    The allegations in paragraph 118 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Smith Defendant and Bohannan Defendant deny the allegations in paragraph 118 of the Complaint.

119.    The allegations in paragraph 119 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Smith Defendant and Bohannan Defendant deny the allegations in paragraph 119 of the Complaint.

120.    The allegations in paragraph 120 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Smith Defendant and Bohannan Defendant deny the allegations in paragraph 120 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claim or cause of action upon which relief can be granted, because, *inter alia,* Plaintiff does not own the design for the *Yard Cup Design* in question.

### Second Affirmative Defense

Defendants assert the right of offset to Plaintiff's claims, as, *inter alia,* Bohannan Defendant owns the artistic rights to the *Yard Cup Design* and has not been compensated for Plaintiff's use of same.

**Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands, as, *inter alia,* it has misrepresented the origin of the *Yard Cup Design* and used it without continued authorization from Bohannan Defendant.

**Fourth Affirmative Defense**

Some or all of the claims against Defendants asserted in the Complaint are barred by the applicable statute of limitations, prescriptive and peremptive periods, contractual limitations period, and/or laches.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver as, *inter alia*, Plaintiff through their principals have contractually waived and released Defendants from any and all claims or causes of actions pursuant to the terms of the *Stock Redemption Agreement*.

**Sixth Affirmative Defense**

Defendants at all times complied with all applicable laws, regulations, and standards.

**Seventh Affirmative Defense**

The terms, conditions, and provisions of the documents memorializing Plaintiff's alleged agreement(s) with Defendants ("Agreement") are specifically and affirmatively pled herein, as though copied herein in extenso, which terms, conditions, and provisions act to bar and/or limit the claims of Plaintiff.

**Eighth Affirmative Defense**

Defendants did not breach any duties owed to Plaintiff, including any duties imposed on Defendants in the Agreements or by law.

**Ninth Affirmative Defense**

Defendants at all times acted with due care, diligence, in good faith, and without malice.

**Tenth Affirmative Defense**

The claims asserted by Plaintiff should be dismissed or, alternatively, its damages, if any, should be reduced due to failure of conditions precedent.

**Eleventh Affirmative Defense**

Plaintiff has sustained no damages proximately caused by Defendants.

**Twelfth Affirmative Defense**

No act or omission of Defendants was a cause-in-fact of any of Plaintiff's alleged injuries.

**Thirteenth Affirmative Defense**

If there are any damages sustained by Plaintiff, such damages are the result of acts or omissions of parties other than Defendants, and for whom Defendants are not legally responsible.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by laches as, *inter alia,* Defendants have been, with Plaintiff's knowledge, using Bohannan Defendant's cup design for over five months without any notice from Plaintiff.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to mitigate its damage.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff's alleged damages were caused by Plaintiff's own actions and inactions.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred due to Defendants' fair use of the mark/dress at issue. Yard cups having similar designs are well-known in the industry and have been for many years prior to any such use by Plaintiff.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred because any applicable trademark was obtained by fraud, as Plaintiff has sworn in its trade dress application false claims that: 721 Bourbon, Inc. is the owner of same and that 01/10/1992 is the date of first use.

### Twentieth Affirmative Defense

Plaintiff's claims are barred for Plaintiff's trademark misuse and use of the mark in a manner against public policy because the trade dress that is granted is so similar, by Plaintiff's own admission, to existing trade dress that it would be against public policy to permit it to become registered.

**Twenty First Affirmative Defense**

Plaintiff's claims are barred by the doctrine of acquiescence, since Defendants have been utilizing its cup design for at least five months without notice from Plaintiff.

**Twenty Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of equitable estoppel.

**Twenty Third Affirmative Defense**

Plaintiff's claims are barred because Plaintiff's trademark is generic, and the Plaintiff's basic yard cup design is used by several of Plaintiff's competitors for years, and has been a known design for decades.

**Twenty Fourth Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's misuse of the trademark at issue.

**Twenty Fifth Affirmative Defense**

Plaintiff's claims are barred by the Plaintiff's abandonment of the trademark at issue.

**Twenty Sixth Affirmative Defense**

Plaintiff's claims are barred because the Plaintiff's mark is diluted and/or weak.

**Twenty Seventh Affirmative Defense**

Defendants have not directly infringed, indirectly infringed, contributed to or induced infringement of any valid trademark and has not otherwise committed any acts in violation of, *inter alia*, Section 43(a) of the Lanham Act, Section 32(1) of the Lanham Act, and/or La. R.S. 51:1401.

## Twenty Eighth Affirmative Defense

Defendants have, at all times, adequately represented the nature, characteristics, qualities and origin of the goods and services they provide to consumers.

## Twenty Ninth Affirmative Defense

Defendants have, at all times, adequately represented the source of its products and the identity of the creating company.

## Thirtieth Affirmative Defense

Plaintiff has failed to state a claim alleging the likelihood of or actual confusion on the part of the consumer.

## Thirty First Affirmative Defense

Plaintiff has failed to state a claim alleging infringement of a registered mark.

## Thirty Second Affirmative Defense

Plaintiff has failed to state a claim for dilution of a famous mark.

## Thirty Third Affirmative Defense

Plaintiff has failed to state a claim for trade dress infringement.

## Thirty Fourth Affirmative Defense

Defendants have not engaged in any activities that are likely to cause confusion of consumers as to the nature, characteristics or origin of their goods and services.

### Thirty Fifth Affirmative Defense

Any similarity between the products produced by Defendants and those produced by Plaintiff are functional, and thus, are not subject to legal protection under trademark or unfair competition laws.

### Thirty Sixth Affirmative Defense

Defendants owe no duty to protect or to maintain Plaintiff's alleged trade secrets or allegedly confidential or proprietary information.

### Thirty Seven Affirmative Defense

Defendants have, at all times, fairly used Plaintiff's alleged mark. See *15 U.S.C. § 1115(b)(4).*

### Thirty Eighth Affirmative Defense

Defendants did not use any allegedly confidential, proprietary or secret information in breach of any duty to maintain the secrecy of such information.

### Thirty Ninth Affirmative Defense

Some or all of Plaintiff's claims under the Louisiana Unfair Trade Practices Act are statutorily perempted.

### Fortieth Affirmative Defense

Plaintiff has failed to adequately plead any claim under the Louisiana Unfair Trade Practices Act.

**Forty First Affirmative Defense**

Plaintiff has failed to state a claim for unfair methods of competition and/or unfair or deceptive acts in the conduct of a trade or commerce under applicable law.

**Forty Second Affirmative Defense**

Defendants have not engaged in any activities that would offend public policy, or that are immoral, unethical, oppressive, unscrupulous, or injurious to consumers.

**Forty Third Affirmative Defense**

Plaintiff has failed to state a claim for breach of obligation under applicable law. Defendants, at all times, acted in good faith, complied with applicable law, and fulfilled the terms and conditions set forth in the Agreements.

**Forty Fourth Affirmative Defense**

Some or all of Plaintiff's claims are barred by the Louisiana Restraint of Business Statute, *Louisiana Revised Statute 23:921.*

**Forty Fifth Affirmative Defense**

Plaintiff is not entitled to injunctive relief because they are unable to demonstrate: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the nonmovant if the court grants the injunction; (4) that the injunction will not disserve the public interest;  and (5) Plaintiff would have an adequate remedy at law. *See Advocacy Ctr. for the Elderly and Disabled v. Louisiana Dept. of Health and Hosp.,* --F. Supp. 2d---, 2010 WL 3199848, at *4 (E.D. La. 8/9/10) (J. Vance)

(citing *La. Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency,* 608 F.3d 217 (5th Cir. 2010); *DSC Commc'n Corp. v. DGI Tech., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996)); *see also Foster v. Super Vending, Inc.,* No. 94-3637, 1995 WL 7430, at *8 (E.D. La. Jan. 9, 1995).

### Forty Sixth Affirmative Defense

Plaintiff failed to take reasonable precautions to guard its allegedly confidential, proprietary or secret information.

### Forty Seventh Affirmative Defense

In the alternative, if Plaintiff is entitled to any relief, which is denied, Plaintiff's damages are subject to the liquidated damages provision of the *Stock Redemption Agreement*.

### Forty Eight Affirmative Defense

The damages Plaintiff seeks are not recoverable or are otherwise limited under applicable law.

### Forty Ninth Affirmative Defense

Defendants plead each and every affirmative defense set forth in Louisiana Code of Civil Procedure Article 1005 as if copied herein verbatim and *in toto*.

### Fiftieth Affirmative Defense

Defendants' conduct complained of by Plaintiff was not willful or intentional.

### Fifty First Affirmative Defense

Some or all of the claims asserted by the Plaintiff should be dismissed, or alternatively, Plaintiff's damages, if any, should be reduced, due to Plaintiff's own negligent or wrongful conduct.

### Fifty First Affirmative Defense

The claims asserted by Plaintiff are barred by the doctrines of accord and satisfaction.

### Fifty Second Affirmative Defense

Defendants cannot be held liable for the fraudulent acts, misrepresentations, or omissions of any other person or party.

### Fifty Third Affirmative Defense

Some or all of the claims asserted against Defendants are preempted or otherwise precluded by the applicable Agreements, statute, regulation or law.

### Fifty Fourth Affirmative Defense

Plaintiff has failed to meet the statutory requirements for the recovery of damages under a claim for unfair methods of competition and/or unfair or deceptive acts in the conduct of a trade or commerce under applicable law.

### Fifty Fifth Affirmative Defense

Plaintiff's claims for breach of obligation are barred because Plaintiff lacks standing as Plaintiff is not a party to either the *Stock Redemption Agreement* or the *Confidential Information Agreements*.

### Fifty Sixth Affirmative Defense

Defendants deny all allegations contained in the Complaint that Defendants have not specifically admitted above

### Fifty Seventh Affirmative Defense

Without waiving any of the defenses elsewhere asserted herein, Defendant asserts, and reserves the right to file and present all other defenses to Plaintiff's Complaint that might in the future arise as a result of discovery or during the trial in this case.

### COUNTERCLAIMS

Defendants assert the following counterclaims against Plaintiff, and states as follows:

1.     This Court has jurisdiction over the counterclaims under 28 U.S.C. § 1367.  These counterclaims arise out of the alleged conduct and controversy set forth in Plaintiff's Complaint and related actions arising under state law.

2.     Without foregoing its right to object to venue asserted by Plaintiff, Venue is proper over this counterclaim in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## COUNT I
## DECLATORY JUDGMENT

3.      By its Complaint, Plaintiff has requested a judgment that Defendants have infringed the Plaintiff's trade dress, and that as a result, Plaintiff is entitled to damages from Defendants.

4.      An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the validity, enforceability and infringement of Plaintiff's alleged trademarks/trade dress and/or registrations.

5.      The trademarks asserted by Plaintiff as being infringed are not being infringed upon either directly, indirectly, contributorily or by inducement.

6.      The trademarks/trade dress asserted by Plaintiff as being infringed are invalid and unenforceable for failure to comply with the trademark laws of the United States.

## COUNT II
## COPYRIGHT INFRINGEMENT

7.      The allegations of paragraphs 1-6 are incorporated herein, and re-plead.

8.      Plaintiff has been using the *Yard Cup Design* as part of its business model, by its own admission, since at least as early as January 10, 1992.

9.      Bohannan Defendant, acting alone, designed the "hand grenade" cup, on or around February 1997.

10.      Bohannan Defendant is the owner of the copyright in the design contained in Exhibit A.

11.      Bohannan Defendant filed an application to register his copyrights for the

visual works embodied in the design contained in Exhibit A with the United States Library of Congress Copyright Office on or about May 18, 2011, copies of which are included in Exhibit B to this Complaint.

12.    Plaintiff has never paid Bohannan Defendant for the use of the design contained in Exhibit A.

13.    Plaintiff was never licensed or otherwise authorized to use the design contained in Exhibit A once Bohannan Defendant terminated business relations with Plaintiff.

14.    The products shown in Exhibit C [Plaintiff's design cup] are substantial copies of the design depicted in the work contained in Exhibit A, or in the alternative, a derivative work of the work contained in Exhibit A.

15.    Plaintiff produced the items in Exhibit A and made public displays of the same items.

16.    Plaintiff's production and/or exhibition of the items in Exhibit A are a violation of 17 U.S.C. §106 (1) or (2) and/or (5).

17.    Plaintiff, without the knowledge or consent of Defendant, delivered copies of the design contained in Exhibit A to various parties via its chain of bars, including, but not limited to, "Tropical Isle," located on Bourbon Street in New Orleans.

18.    Plaintiff's unauthorized distribution of copies of the design contained in Exhibit A, as alleged in paragraph 17, was a violation of 17 U.S.C. §106(3).

19.    The public display referenced in paragraph 17, above, was a violation of U.S.C. §106(1) or (2) and/or (5).

31

20.     Bohannan Defendant communicated with Plaintiff regarding the design and his protection in the design.

21.     Plaintiff's continued production of the design contained in Exhibit A or, in the alternative, Plaintiff's continued preparation of derivative works from the design contained in Exhibit A after being informed of Defendant's copyright in the design contained in Exhibit A, constituted willful copyright infringement.

22.     On information and belief Earl Bernhardt and Pamela Fortner are the principal owners and directors of 721 Bourbon, Inc.

23.     Earl Bernhardt and Pamela Fortner had the authority to control whether 721 Bourbon, Inc., copied Bohannan Defendant's design.

24.     Earl Bernhardt and Pamela Fortner benefited financially from 721 Bourbon, Inc.'s copying of Defendant's design.

25.     Earl Bernhardt and Pamela Fortner are vicariously liable for the infringing acts of 721 Bourbon, Inc.

26.     As a driving force behind Plaintiff's acts of infringement, who directly participated therein and benefitted financially thereform, Earl Bernhardt and Pamela Fortner are jointly liable with Plaintiff, for its acts of copyright infringement  as complained of herein and are made additional parties hereto pursuant to Federal Rules of Civil Procedure 13(h) and 20(a)(2) regarding Counterclaims and Permissive Joinder of Additional Parties.

### COUNT III
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

27.     The allegations of paragraphs 1-25 are incorporated herein, and re-plead.

28.     This Count, arising under Louisiana Civil Code Article 2315, is for tortious interference with business relations.

29.     Plaintiff, Earl Bernhardt and Pamela Fortner have improperly, intentionally, willfully and with malice, interfered with Defendants' current and prospective business relations. Plaintiff, Earl Bernhardt and Pamela Fortner have instructed some of its vendors/suppliers not to do business with Defendants.  Plaintiff, Earl Bernhardt and Pamela Fortner have instructed Defendants' prospective contractors not to provide services to Defendants.  Plaintiff, Earl Bernhardt and Pamela Fortner have instructed Plaintiff's employees not to patronize or associate with Defendants.  Plaintiffs, Earl Bernhardt and Pamela Fortner intentionally attempted to interfere with lease for Defendants' business establishment.  Plaintiff, Earl Bernhardt and Pamela Fortner have instructed bands not to patronize, enter or play at Defendants' business establishments. Plaintiff, Earl Bernhardt and Pamela Fortner have interfered with Defendants' current and prospective customers directly and through deceptive advertising campaigns.  Plaintiff, Earl Bernhardt and Pamela Fortner have directly interfered with Defendants' change of use hearing with the Vieux Carre Commission on April 19th, 2011.  Plaintiff, Earl Bernhardt and Pamela Fortner have interfered with Defendants' participation in Six String and Pardi Gras commercial events. Such tortious interference is causing prospective suppliers, vendors, contractors, bands not to do business with Defendants or

provide services to same; is causing customers to transfer their business from Defendants' establishments to Plaintiff's establishments; and is hindering Defendants' change of use application with the Vieux Carre Commission.

30.     As a direct and proximate result of Plaintiff, Earl Bernhardt and Pamela Fortner's aforesaid tortious interference, Defendants have been damaged, and Defendants are entitled to recover all such damages sustained.

31.      Defendants are further entitled to an order, preliminarily and permanently enjoining Plaintiff from further tortious interference with Defendants' current and prospective business relations.

32.     On information and belief Earl Bernhardt and Pamela Fortner are the principal owners and directors of 721 Bourbon, Inc.

33.     Earl Bernhardt and Pamela Fortner had the authority to control whether 721 Bourbon, Inc., tortiously interfered with Defendants' business relations.

34.     As a driving force behind Plaintiff's acts of tortious interference, who directly participated therein and benefitted financially therefrom, Earl Bernhardt and Pamela Fortner are jointly liable with Plaintiff, for its acts of tortious interference  as complained of herein and are made additional parties hereto pursuant to Federal Rules of Civil Procedure 13(h) and 20(a)(2) regarding Counterclaims and Permissive Joinder of Additional Parties.

## COUNT IV
## UNFAIR TRADE PRACTICES

35.     The allegations of paragraphs 1-31 are incorporated herein, and re-plead.

36.     This Count, arising under LA. REV. STAT. § 51:1401 *et seq.,* is for unfair methods of competition and unfair and deceptive acts or practices.

37.     Plaintiff's aforesaid activities detailed in Defendants' Counterclaims Count I-III also comprise unfair methods of completion, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405, and causing Defendants' irreparable harm.

38.     Pursuant to LA. REV. STAT.  § 51:1409, Defendants are entitled to recover from Plaintiff, all actual damages sustained by Defendants as a result of Plaintiff's aforesaid acts.  Defendants are unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

39.     Unless enjoined, Plaintiff's unfair methods of completion, and unfair and deceptive acts and practices will cause BEA Defendant further irreparable harm, and BEA Defendant is entitled to injunctive relief, pursuant tom inter alia, LA. REV. STAT. §§ 51:1407 and 51:1408.

40.     On information and belief Earl Bernhardt and Pamela Fortner are the principal owners and directors of 721 Bourbon, Inc.

41.     Earl Bernhardt and Pamela Fortner had the authority to control 721 Bourbon, Inc.'s unfair trade practices

42.     As a driving force behind Plaintiff's acts of unfair trade practices, who directly participated therein and benefitted financially therefrom, Earl Bernhardt and Pamela Fortner are jointly liable with Plaintiff, for its acts of tortious interference as complained of herein and are made additional parties hereto pursuant to Federal Rules of

Civil Procedure 13(h) and 20(a)(2) regarding Counterclaims and Permissive Joinder of Additional Parties.

**COUNT V**
**BREACH OF OBLIGATION**

43.     The allegations of paragraphs 1-35 are incorporated herein, and re-plead.

44.     This Count, arising under LA. CIV. CODE, arts. 1983-1987, is for breach of obligation, including breach of the covenant of good faith performance of an obligation.

45.     On February 18, 2010, Tropical Isle's Original Papa Joe's, Inc., Bradley S. Bohannan, Arita Bohannan, Earl Bernhardt and Pamela Fortner entered into a *Stock Redemption Agreement* whereby Tropical Isle's Original Papa Joe's, Inc. purchased the shares owned by Bradley S. Bohannan.  The *Stock Redemption Agreement:* i) prohibits Plaintiff, Earl Bernhardt and Pamela Fortner from making any disparaging or negative comments regarding Bohannan Defendant, and his Affiliates, employees, officers and directors; and ii) releases Bohannan Defendant and his Affiliates from any and all claims, liabilities, and obligations whatsoever arising on or prior to the effective date of the *Stock Redemption Agreement,* prohibits Plaintiff, Earl Bernhardt and Pamela Fortner from directly or indirectly asserting claims or causes of actions against Bohannan Defendant and his Affiliates for same, and provides that Earl Bernhardt and Pamela Fortner indemnify Bohannan Defendant and his Affiliates from such claims or actions.

46.     Upon information and belief, Plaintiff, Earl Bernhardt, and Pamela Fortner have repeatedly disparaged and made negative comments regarding Bradley S.

Bohannan, Arita Bohannan, their Affiliates, employees, officers and directors including but not limited to assertions that Bradley S. Bohannan as a member of the "Mafia."

47.     Upon information and belief, Plaintiff's claims in this action against Defendants were released by Plaintiff, Earl Bernhardt, and Pamela Fortner in the *Stock Purchase Agreement* and Plaintiff, Earl Bernhardt, and Pamela Fortner has breached the *Stock Purchase Agreement* by Plaintiff asserting said claims in this action and failing to indemnify Bohannan Defendant and his Affiliates for same.

48.     Pursuant to Federal Rules of Civil Procedure 13(h) and 20(a)(2) regarding Counterclaims and Permissive Joinder of Additional Parties, Earl Bernhardt and Pamela Fortner are joined as additional parties to this Counterclaim as Earl Bernhardt and Pamela Fortner are the principals of both Plaintiff, 721 Bourbon, Inc. and Tropical Isle's Original Papa Joe's, Inc. and signatories to the *Stock Redemption Agreement* which is a subject of Plaintiff's Complaint.

49.     The *Stock Redemption Agreement* constitute conventional obligations that are binding upon Plaintiff, Earl Bernhardt and Pamela Fortner, and Plaintiff, Earl Bernhardt and Pamela Fortner, through their aforesaid conduct, have breached these obligations, and the covenants of good faith performance attendant thereto, in contravention of LA. CIV. CODE art. 1983.

50.     Defendants have been damaged by Plaintiff, Earl Bernhardt and Pamela Fortner's breaches of their obligations, and are entitled to recover all such damages sustained, pursuant to LA. CIV. Code art. 1989.

51.     Defendants are further entitled to an order, preliminarily and permanently

enjoining Plaintiff, Earl Bernhardt and Pamela Fortner from further breaches of their aforesaid obligation, without any showing of irreparable harm, under LA. CIV. CODE art. 1987.

## COUNT VI
## DEFAMATION

52.     The allegations in paragraphs 1-51 are incorporated herein, and re-plead.

53.     This Count, arising under Louisiana law, is for the intentional tort of defamation.

54.     Upon information and belief, Plaintiff has made false and defamatory oral statements regarding Defendant Bradley S. Bohannan.

55.     Pursuant to Federal Rules of civil Procedure 13(h) and 20(a)(2) regarding Counterclaims and Permissive Joinder of Additional Parties, Earl Bernhardt and Pamela Fortner are joined as additional parties to this Counterclaim as Earl Bernhardt and Pamela Fortner are the principals of Plaintiff, 721 Bourbon, Inc.

56.     Upon  information and belief, Plaintiff's principals have intentionally and maliciously made false and defamatory statements referring to Mr. Bradley S. Bohannan as "a member of the Mafia."

57.     Plaintiff's principals, Earl Bernhardt and Pamela Fortner,  have orally published these defamatory references to third-parties.

58.     Because these oral references both expressly and impliedly accuse Mr. Bohannan of criminal conduct, such comments are defamatory *per se*.

59.     Mr. Bohannan's personal reputation and his standing in the community have been injured by these defamatory statements.

60.     The afore-said conduct has caused Mr. Bohannan to incur damages, and he is therefore entitled to recover from Plaintiff and Plaintiff's principals all such damages sustained.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

Defendants specifically deny that it currently infringe or have ever infringed any trademark belonging to Plaintiff and further denies that Plaintiff is entitled to any relief whatsoever from the District Court.   Defendants further deny each and every factual allegation in the prayer for relief of the Complaint, including subparagraphs thereof that are not explicitly admitted above.

**WHEREFORE**, Defendants pray that this Court enter a judgment:

A.     Against Plaintiff and in favor of Defendants;

B.     Dismissing Plaintiff's Complaint in its entirety with prejudice and adjudging that Plaintiff is entitled to no relief whatsoever from Defendants;

C.     Declaring and finding that Defendants have not infringed any trademark owned by Plaintiff;

D.     Declaring and finding that the Plaintiff's trademarks, if any, are invalid and unenforceable against Defendants;

E.     Adjudging that Plaintiff take nothing by its Complaint;

F.     That the Court find that Plaintiff, Earl Bernhardt, and Pamela Fortner have

39

committed copyright infringement;

G.     That Plaintiff, Earl Bernhardt, and Pamela Fortner be found to have willfully infringed Bohannan Defendant's copyright;

H.     An accounting to determine all gains, profits, savings, and advantages obtained by Plaintiff, Earl Bernhardt, and Pamela Fortner as a result of their wrongful actions.

I.     That the Plaintiff, Earl Bernhardt, and Pamela Fortner be cast in judgment to the Bohannan Defendant for Bohannan Defendant's lost profits and any additional profits of the Plaintiff, Earl Bernhardt, and Pamela Fortner pursuant to 17 U.S.C. §504(a) and (b), or in the alternative, for the amount of Statutory Damages as provided by 17 U.S.C. §504(c);

J.     That Plaintiff, Earl Bernhardt, and Pamela Fortner be enjoined from any and all further copying of Bohannan Defendant's copyrighted material;

K.     Granting a preliminary injunction, and permanent injunctive relief against Plaintiff, Earl Bernhardt, Pamela Fortner, their agents, representatives, officers, employees and all those acting in concert therewith, restraining and enjoining them from further tortious interference with the business relations of Defendants;

L.     Ordering Plaintiff, Earl Bernhardt, Pamela Fortner to pay compensatory damages to Defendants for Plaintiff, Earl Bernhardt and Pamela Fortner's acts of tortious interference;

M.     Granting, pursuant to LA. REV. STAT. §§ 51:1407 and/or 51:1408, a

40

preliminary injunction, and permanent injunctive relief against Plaintiff, Earl Bernhardt, Pamela Fortner, their agents, representatives, officers, employees and all those acting in concert therewith, restraining and enjoining them from further unfair methods of completion, and unfair and deceptive acts or practices with respect to Defendants;

N.      Ordering, pursuant to LA. REV. STAT. §§ 51:1409, Plaintiff, Earl Bernhardt, and Pamela Fortner to pay the actual damages suffered by Defendants as a result of Plaintiff, Earl Bernhardt, and Pamela Fortner's unfair methods of completion, and unfair and deceptive acts and practices;

O.      Granting, pursuant to LA. CIV. CODE ART. 1987, a preliminary injunction, and permanent injunctive relief against Plaintiff, Earl Bernhardt, Pamela Fortner, their agents, representatives, officers, employees and all those acting in concert therewith, restraining and enjoining them from further breaches of the obligations embodied in the *Stock Purchase Agreement*, whether or not Defendants are determined to have suffered irreparable harm from such breaches;

P.      Ordering, pursuant to LA CIV. CODE art. 1989, Plaintiff, Earl Bernhardt, Pamela Fortner to pay to Defendants all damages sustained by Defendants as a result of Plaintiff, Earl Bernhardt and Pamela Fortner's breaches of obligation;

Q.      Ordering Plaintiff, Earl Bernhardt, and Pamela Fortner to pay Defendant Bradley S. Bohannan all damages sustained by him as a result of

41

defamatory statements made by Plaintiff's principals,  Earl Bernhardt and

Pamela Fortner's

R.      Awarding Defendants their costs and attorney's fees;

S.      Ordering Plaintiff, Earl Bernhardt, and Pamela Fortner to file, and serve

upon Defendants, within ten (10) days  following the Court's issuance of a

preliminary or permanent injunction in this action, a written report, under

oath, detailing the manner and form in which Defendants have complied

with such injunction; and

T.      Awarding Defendants such other and further relief as the Court deems just

and proper, or as to which Defendants may show they are entitled at trial.

Respectfully submitted,

**PROVOSTY & GANKENDORFF, L.L.C.**

*/s/ Christophe B. Szapary*
**CHRISTOPHE B. SZAPARY** (Bar #25890)
**KEELIE M. BROOM** (Bar # 33032)
650 Poydras Street, Suite 2700
New Orleans, Louisiana  70130
Telephone: 504-410-2795
Facsimile:  504-410-2796

And,

**nolaIP, L.L.C.**

*/s/ Neil Coig*
**NEIL COIG** (Bar # 28001)
P.O. Box 24100
New Orleans, LA 70184
Telephone: 504-717-4600
Facsimile: 504-717-4602

Attorneys for Defendants, B.E.A., Inc., Bradley S.
Bohannan, and Stephen J. Smith,
Arita M.L. Bohannan

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2011, a copy of the above and foregoing Defendants' Answer, Affirmative Defenses, Counterclaims and Request for Trial by Jury was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff's counsels of record by operation of the Court/s electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*/s/ Christophe B. Szapary*